UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TORY CHRISTIANSEN, SR. and
ANITA CHRISTIANSEN,

          Plaintiffs,

    v.                                                                  Case No. 14-C-652

STUDENT ASSISTANCE FOUNDATION of
MONTANA, et al.,

          Defendants.

## DECISION AND ORDER

      Plaintiffs deposed Thomas Stockton, an employee of Defendant Student Assistance Foundation of Montana, in his capacity as one of the company's corporate designees, pursuant to Fed. R. Civ. P. 30(b)(6). A month later, they noticed another deposition of Stockton, which prompted the Defendant to file a motion for a protective order. In the motion the Defendant argues that the second deposition of Stockton would be unreasonably duplicative, in violation of Fed. R. Civ. P. 30(a)(2)(A)(ii), which requires a party to obtain leave of court if the parties have not stipulated to the deposition and the deponent already has been deposed in the case. The Defendant also argues that another deposition in Montana would be unduly burdensome and costly, particularly when cheaper alternatives, such as video depositions, are available. The parties appeared telephonically on January 28.

      Rule 30(a)(2)(A)(ii) does not require leave of court in this instance. Although Stockton was deposed as one of the corporate Rule 30(b)(6) witnesses, in that capacity he was testifying *as* the

corporation. It is a legal fiction, of course, but one that enjoys a long history of respect in the law. *Pecover v. Electronic Arts, Inc.* 2012 WL 951255, *3 (N.D.Cal. 2012) ("Rule 30(a)(2)(A)(ii) is inapplicable . . . because Drucker has not been deposed yet in his individual capacity in this case. When Drucker was deposed as Collegiate Licensing's witness under Rule 30(b)(6), his testimony was in fact the testimony of Collegiate Licensing.") Thus, although it is the same human being who is deposed, it is a different person as far as the Rules are concerned. As for the suggestion that the deposition is unduly burdensome or costly, courts do not usually interfere with the reasoned judgment of the attorney who seeks otherwise proper discovery. It is always hoped that parties can achieve efficiencies wherever possible, keeping in mind Rule 1's admonishment that the goal is a just, speedy and inexpensive determination of every action. Fed. R. Civ. P. 1. If there is evidence that the deposition is being used for purposes of harassment, or that the expenses are being incurred largely in an effort to drive up the settlement value of the case, relief may be warranted. But the simple fact that the deposition would require a trip to Montana does not, in and of itself, justify ordering relief.

The motion for a protective order is **DENIED**.

**SO ORDERED** this 30th day of January, 2015.

     /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court